UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERGENCY PHYSICIANS OF ST. CLARE'S<br><br>    Plaintiff,<br><br>-vs-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY t/a CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, QUALCARE ALLIANCE NETWORKS, INC., CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA HEALTHCARE, INC.; CIGNA HEALTH MANAGEMENT, INC.; CIGNA HEALTHCARE INC. OF TENNESSEE, INC.; JOHN DOES 1-10 (their identities being unknown to the plaintiff),<br><br>    Defendants. | Civil Action 2:15-cv-08794 (ES)(MAH)<br><br>*Document Filed Electronically*<br><br>Rule 16 Conference:  July 20, 2016 at 1:00 P.M. |

**JOINT PROPOSED DISCOVERY PLAN**

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

Timothy K. Saia. Esq.
tsaia@morganlawfirm.com
Morgan Melhuish Abrutyn
651 West Mt. Pleasant Ave., Suite 200
Livingston, NJ 07039
Tel. (973) 863-7636
Fax: (973) 994-3375

**Attorneys for Plaintiff
Emergency Physicians of St.
Clare's, LLC**

E. Evans Wohlforth, Jr., Esq.
Kevin R. Reich, Esq.
Charlotte M. Howells, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Tel. (973) 596-4879
Fax (973) 639-6486
ewohlforth@gibbonslaw.com
kreich@gibbonslaw.com
chowells@gibbonslaw.com

**Attorneys for Defendants Cigna
Health and Life Insurance Company
t/a Cigna, Cigna Healthcare of New**

            **Jersey, Qualcare Alliance Networks, Inc., Connecticut General Life Insurance Company; Cigna Healthcare, Inc.; Cigna Health Management, Inc.; and Cigna Healthcare of Tennessee, Inc.**

2. **Set forth a brief description of the case, including the causes of action and defenses asserted.**

   **Plaintiff Contends:**

   This is a claim for reimbursement of underpaid medical expenses for services rendered by the plaintiff to the defendants policy holders and the tortious interference by the defendants in the contractual relationship between the members of the defendants plan and their medical providers. Emergency Physicians of St. Clare's provided medical services to the defendants participating members based upon the representations given that payment would be made and an assignment given to Emergency Physicians of St. Clare's.

   Defendants failed to properly reimburse the Plaintiff for the services rendered by Plaintiff and failed to pay the usual and customary fees associated with the services rendered. When payment was not rendered by the defendants, plans were made by EPSC to direct bill the patients/ insureds of the Defendants for the balance owed. Upon information and belief, Defendants tortuously interfered in their contractual relationship that the Plaintiff had with their patients by instructing patients not pay for the services which had been contracted for.

   **Defendants Contend:**

   Based on the facts as pled in the First Amended Complaint, this action arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. Plaintiff, as the alleged assignee of its patients' benefits, seeks reimbursement of claims that Defendants allegedly underpaid – a classic ERISA benefits case. Because it appears that the state law claims asserted in the Amended Complaint (which are all flawed in their own right) arise from and relate to Defendants' alleged underpayment of plan benefits, those claims are preempted by ERISA.

   On June 21, 2016, pursuant to Court Order (ECF No. 24), Plaintiff filed a proposed consent order to file a Second Amended Complaint, and attached its proposed Second Amended Complaint thereto. Because the proposed Second Amended Complaint suffers from many of the same flaws as the First Amended Complaint, Defendants anticipate moving to dismiss the pleading on preemption grounds and also as a result of assorted pleading deficiencies.

    Have settlement discussions taken place?  Yes __X__   No ____

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand:  <u>Plaintiff offered to reduce the discrepancy between the amount paid and the amount owed by five percent and to waive its claim of attorney's fees.  No response was made by the defendants.</u>

        (2)    Non-monetary demand:  <u>N/A</u>

    (b)    What was defendant's last offer?

    Defendants are internally reviewing the claims contained in Exhibit 1 to Plaintiff's proposed Second Amended Complaint to determine what, if any, counter-offer to make.

3.    The parties [have __X__ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

<u>The parties had a telephone conference regarding the matter on May 13, 2016. The participants on this call included Timothy K. Saia, Esq., on behalf of Plaintiff, and Kevin R. Reich, Esq. and Charlotte Howells, Esq., on behalf of Defendants.</u>

4.    The parties [have _____ have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

5.    Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

<u>None.</u>

6.    The parties [have _____ have not __X__] conducted discovery other than the above disclosures. If so, describe.

Proposed joint discovery plan:

(a)    Discovery is needed on the following subjects:

Plaintiff's position:

The parties have not conducted discovery of the disclosures.

Plaintiff's Proposed Discovery Plan.

Plaintiff seeks discovery regarding the defendants participating plans and the plan documents. Additional paper discovery must take place relative to the amount of reimbursement as to the usual and customary fees, Defendants operations and actions in determining the usual and customary fees and what basis was used to reimburse the Plaintiff for the services rendered.  Further discovery must take place as it relates to communications to the Plaintiff's patients regarding and instructing said patients not to pay their bills that were sent by the plaintiff  and advising that the Defendants had paid the usual and customary fee.

Defendants' position:

As indicated above, Defendants believe this action is governed by ERISA, in which case the only discovery permitted is the administrative record – specifically the claim files before the claims administrator when the benefit determination was made, as well as those documents setting forth the administrator's determination(s).  If the outcome of the anticipated Motion to Dismiss suggests that additional discovery beyond the relevant claim files is warranted, Defendants will confer with Plaintiff to modify this Joint Discovery Plan.

(b)   Discovery [should _____ should not __X__] be conducted in phases or be limited to particular issues. Explain.

<u>The issues as they are understood at this time in this case do not lend themselves to phased discovery.</u>

Defendants agree that discovery need not be conducted in phases.  However, as the case stands currently, Defendants believe that discovery should be limited to the administrative record, in accordance with well-settled ERISA law.

(c)   Plaintiff's Proposed schedule:

(1) Defendants to file answer or other move no later than August 1, 2016

(2) Fed. R. Civ. P. 26 Disclosures <u>on or before August 1, 2016</u>.

(3) E-Discovery conference pursuant to L. Civ. R. 26. 1 (d): <u>The parties shall retain and preserve all digital and electronic information in their possession and/or control which each bearing the cost of preserving and producing all electronic information.</u>

(4) Service of initial written discovery <u>not prior to initial FRCP 26(a) disclosures but on or before August 1, 2016</u>.

(5) Maximum of <u>30</u> Interrogatories by each party to each other party.

(6) Maximum of <u>3</u> depositions to be taken by each party.

(7) Motions to amend or to add parties to be filed by <u>November 1, 2016</u>.

(8) Factual discovery to be completed by <u>December 30 2016</u>.

(9) Plaintiff's expert report due on <u>January 30, 2016.</u>

(10) Defendant's expert report due on <u>February 28, 2016</u>.

(11) Expert depositions to be completed by <u>March 30, 2017</u>.

(12) Dispositive motions to be served within <u>45</u> days of completion of discovery (                    ).

(d) Defendants' Proposed schedule:[1]

As Plaintiffs' claims are governed by ERISA, the following schedule of discovery is only relevant as to the claims record.

(1) Fed. R. Civ. P. 26 Disclosures <u>on or before August 1, 2016</u>.

(2) E-Discovery conference pursuant to L. Civ. R. 26. 1(d): <u>The parties shall retain and preserve all digital and electronic information in their possession and/or control, with each bearing the cost of preserving and producing all electronic information. The parties agree to discuss e-discovery issues on an ongoing basis, as necessary.</u>

(3) <u>Production of claims files within ninety (90) days after the entry of an Order on Defendants' anticipated motion to dismiss, at which time discovery will be complete.</u>

(4) <u>Motions to amend or to add parties to be filed 120 days after the entry of an Order on Defendants' anticipated motion to dismiss.</u>

---

[1] The below schedule takes into account Defendants' anticipated Motion to Dismiss and is subject to change depending on the outcome of that Motion and when the pleadings are settled. Accordingly, Defendants reserve the right to amend this schedule.

    (e)    Set forth any special discovery mechanism or procedure requested.

           None.

    (f)    A pretrial conference may take place on <u>a date to be determined by the Court</u>.

    (g)    Trial date: <u>60 days following pretrial conference, or on a date to be determined by the Court</u> (___ Jury Trial; _X Non-Jury Trial).

7. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____ No _X_.
If so, please explain.

8. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes ____ No _____X_____.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

9. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S. <u>Yes</u>. A Consent Discovery Confidentiality Order was submitted to the Court on May 16, 2016, and so-ordered by the Court on the same date.

10. Do you anticipate any discovery problem(s) not listed above? Describe. Yes _ No _x_.

11. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    <u>The parties do not believe this case is appropriate for voluntary arbitration. Defendants believe that mediation may be an appropriate option once discovery has progressed and the status of the case can be more clearly assessed.</u>

12. Is this case appropriate for bifurcation? Yes _ No __X__

13. An interim status/settlement conference (with clients in attendance), should be held <u>on a date to be determined by the Court</u>.

**14.** We [do ___ do not __X__] consent to the trial being conducted by a Magistrate Judge.

**15.** Identify any other issues to address at the Rule 16 Scheduling Conference.

None.

*s/ Timothy K. Saia, Esq.*

Attorney(s) for Plaintiff(s) / Date:  7/18/2016

*s/ E. Evans Wohlforth, Jr., Esq.*

Attorney(s) for Defendants / Date: 7/18/2016

{01174503}               7